TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-97-00436-CV

Jeannette Merrill, Appellant

v.

Mark Merrill, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT

NO. 96-03187, HONORABLE JOSEPH H. HART, JUDGE PRESIDING

PER CURIAM

 Appellant Jeannette Merrill appeals from a judgment of the trial court granting a
divorce to appellee Mark Merrill. On July 31, 1997, this Court received but did not file the single
volume transcript in this cause. The Clerk of this Court informed appellant that the perfecting
instrument, an affidavit of inability to pay, had been filed with the trial court fifteen days beyond
the due date for perfecting this appeal. See former Tex. R. App. P. 41(a)(1). (1) Because the record
did not contain evidence of a motion requesting an extension of time to perfect the appeal, this
Court advised appellant that absent a timely filing of the affidavit, this cause would be dismissed
for want of jurisdiction. Further, appellant was requested to show good cause for the appeal in
this cause to continue. See former Tex. R. App. P. 60(a)(2).

 On August 27, 1997, this Court received appellant's response which revealed that
although counsel for appellant did not act with a callous disregard of the procedural requirements
for timely perfection of an appeal before this Court, appellant failed to comply with the directives
of her attorney and thereby forfeited her right to appeal the trial court's judgment.

 Accordingly, because the appeal in this cause was not timely perfected, we dismiss
the appeal for want of jurisdiction. All pending motions in this cause are also dismissed.

Before Chief Justice Carroll, Justices Jones and Kidd

Appeal Dismissed for Want of Jurisdiction

Filed: October 16, 1997

Do Not Publish

1. We note that although the Texas Rules of Appellate Procedure have been revised effective
September 1, 1997, perfection of the appeal in this cause was due prior to the effective date and
hence the former rules apply. Moreover, the revised rules provide that when a party is indigent,
the appeal must be timely perfected by filing an affidavit of indigence in the trial court with or
before filing a notice of appeal. In the absence of a timely filing, the appeal is subject to dismissal
for want of jurisdiction. See Tex R. App. P. 20.1, 25.1.